IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CLAY ROSELLE | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-515-E-EJL |
| | ) | |
| v. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| STATE OF MONTANA, LINDA LEE, | ) | |
| DAVIS, WARREN & HRITSCO, | ) | |
| WILLIAM A. HRITSCO, and | ) | |
| WILLIAM KNOX, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently pending before the Court are the following motions: (1) Defendants Davis, Warren & Hritsco and William A. Hritsco's Motion to Dismiss (Docket No. 4); (2) Defendant State of Montana's Motion to Dismiss (Docket No. 8); (3) Defendant William Knox's Motion to Dismiss (Docket No. 12); and (4) Defendant Linda Lee's Motion to Dismiss (Docket No. 13). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Report and Recommendation:

## I. BACKGROUND AND PROCEDURAL HISTORY

This action relates to a dissolution proceeding that began in Beaverhead County, Montana between Plaintiff Clay Roselle and Defendant Linda Lee. In 2003, Defendant Lee prevailed in her dissolution action against Plaintiff Roselle. *See In Re the Marriage of Roselle*, Cause No. DR-00-12342 (Dec. 2, 2003), referenced in Hritsco Aff., ¶ 7 (Docket No. 4, Att. 3). That decision was ultimately upheld by the Montana Supreme Court on Plaintiff Roselle's appeal.

**REPORT AND RECOMMENDATION - 1**

*See In Re the Marriage of Roselle*, 330 Mont. 399, 126 P.3d 506 (Mont. 2005), attached as Ex. A to Hritsco Aff., ¶ 9 (Docket No. 4, Att.4).

Disappointed by the outcome, Plaintiff Roselle brought an action in Montana state court against current Defendants Davis, Warren & Hritsco ("DWH"), Defendant William A. Hritsco, and Defendant William Knox, asserting claims of legal malpractice, malicious prosecution, and fraud. *See* Hritsco Aff., ¶ 10 (Docket No. 4, Att. 3). Defendant DWH and Defendant Hritsco represented Defendant Lee in the dissolution proceeding; in that respect, Defendants DWH and Hritsco hired Defendant Knox to perform an appraisal of Plaintiff Roselle's and Defendant Lee's marital property for the purpose of determining a property distribution. *See id.* at ¶ 6 (Docket No. 4, Att. 3). The Fifth Judicial District Court in Beaverhead County, Montana granted these Defendants' motions for summary judgment. *See Roselle v. Davis, Warren & Hritsco*, Cause No. DV-06-12915 (June 27, 2006), attached as Ex. B to Hritsco Aff., ¶ 10 (Docket No. 4, Att. 5). Again, that decision was ultimately upheld by the Montana Supreme Court on Plaintiff Roselle's appeal. *See Roselle v. Davis, Warren & Hritsco*, 337 Mont. 535, 168 P.3d 1048 (Mont. 2007), attached as Ex. C to Hritsco Aff., ¶ 10 (Docket No. 4, Att. 6).

Plaintiff Roselle's claim before this Court relates directly to the prior Montana state court actions dealing with the original dissolution proceeding. Specifically, Plaintiff Roselle seeks $878,925.00 from Defendant DWH for fraud; $10,000,000.00 from Defendant Hritsco for malicious prosecution; $251,925.00 from Defendant Knox for fraud; and an unspecified amount for "costs and judgment" from Defendant Lee. *See* Pl.'s Verified Compl. at p. 4 (Docket No. 1).[1]

---

[1] Plaintiff Roselle also appears to allege that Defendant Lee "committed informed perjury" in declaring that the former was president of a Montana Corporation "which was untrue and was evident to her attorney . . . ." *See* Pl.'s Verified Compl. at ¶ 22, p. 4 (Docket No. 1).

**REPORT AND RECOMMENDATION - 2**

Additionally, Plaintiff Roselle requests that Defendant State of Montana be ordered to declare the two state court judgments void and to return all fees seized from Plaintiff Roselle "which the courts of Montana were holding as the result of a medical [j]udgment together with interest and damages . . . ." *Id.*

Defendants collectively move to dismiss Plaintiff Roselle's Complaint under a number of different theories, including (1) lack of personal jurisdiction, (2) improper venue, (3) the Eleventh Amendment to the United States Constitution, and (4) the *Rooker-Feldman* doctrine. Each argument is addressed below.

## II. REPORT

### A.    Lack of Personal Jurisdiction

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Where the motion is based on written materials rather than on an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). In such cases, a court need only inquire into whether the plaintiff's pleadings and affidavits make a prima facie showing of personal jurisdiction. *Id.* Although the plaintiff cannot rest on the bare allegations of the complaint, uncontroverted allegations in the complaint must be taken as true. *Id.* "Conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor." *Id.*

The Court's power to exercise personal jurisdiction over non-resident defendants is limited by both the applicable state personal jurisdiction statute (long-arm statute) and the Due Process Clause. *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1110 (9th Cir. 2002); *Sher v.*

**REPORT AND RECOMMENDATION - 3**

*Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990).  In other words, an analysis of personal

jurisdiction has two components.  First, there must be a statute that gives the court authority to

exercise jurisdiction.  *National Union Fire Ins. Co. of Pittsburgh v. Aerohawk Aviation, Inc.*, 259

F. Supp. 2d 1096, 1101 (D. Idaho 2003) (citing *Data Disc Inc. v. Systems Tech. Assocs., Inc.*,

557 F.2d 1280, 1286 (9th Cir. 1997).  Second, the exercise of jurisdiction must meet

Constitutional standards.  *Id.*[2]

    1.    <u>Idaho Long-Arm Statute</u>

    Idaho's long-arm statute, codified at Idaho Code § 5-514(b), speaks to an Idaho court's

jurisdiction over non-residents as to any cause of action arising from any of the following:

    (a)    The transaction of any business within this state which is hereby defined as the doing of any act for the purpose of realizing pecuniary benefit or accomplishing or attempting to accomplish, transact or enhance the business purpose or objective or any part thereof of such person, firm, company, association or corporation;

    (b)    The commission of a tortious action within this state;

    (c)    The ownership, use or possession of any real property situate within this state;

    (d)    Contracting to insure any person, property or risk located within this state at the time of contracting;

---

[2] The Ninth Circuit previously recognized that the Idaho Legislature intended in adopting the long arm statute to exercise all of the jurisdiction available under the Due Process Clause. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987) (citing *Doggett v. Electronics Corp. of Am.*, 454 P. 2d 63, 67 (Idaho 1969)). Thus, the state and federal limits are co-extensive, and an independent review of whether jurisdiction exists under the long-arm statute may not be necessary. *Id.; see also Data Disc*, 557 F.2d at 1286; *but see Reyerson v. Ollennu*, 2007 WL 1891823 (D. Idaho June 28, 2007) (citing *Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997); *Saint Alphonsus v. State of Washington*, 852 P.2d 491 (Idaho 1993)). For the purpose of this Report and Recommendation, as well as for completeness sake, the Court will address both the Idaho long-arm statute and the Due Process Clause.

**REPORT AND RECOMMENDATION - 4**

(e)     The maintenance within this state of matrimonial domicile at the time of the commission of any act giving rise to a cause of action for divorce or separate maintenance;

(f)     The engaging in an act of sexual intercourse within the state, giving rise to a cause of action for paternity . . . .

*See* I.C. § 5-514(a-e).

Here, the allegations within Plaintiff Roselle's Verified Complaint are not consistent with any of the factors outlined in Idaho Code § 5-514. There does not appear to be any dispute that each Defendant is a resident of Montana and not Idaho. Most importantly, however, it is Plaintiff Roselle's dissatisfaction with the prior two *Montana* actions that is the genesis of this *Idaho* action. The first of those two actions spoke exclusively to a Montana dissolution proceeding; the second spoke to allegations of fraud and malicious prosecution as to that same dissolution proceeding - all allegedly taking place in Montana. In short, Plaintiff Roselle complains of conduct allegedly occurring entirely in Montana, not Idaho. Given these circumstances, under any of the factors that may exist to confer jurisdiction, it cannot be said that Idaho's long-arm statute is satisfied or that jurisdiction exists in this case.

2.     Due Process

Due process requires that, in order for non-resident defendants to be subject to jurisdiction in a foreign court, they must have certain "minimum contacts" with the forum state such that the traditional notions "'of fair play and substantial justice'" are not offended. *See Sher*, 911 F.2d at 1361 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945)). Additionally, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). The focus is primarily

**REPORT AND RECOMMENDATION - 5**

on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977).

States may exercise general or specific jurisdiction over non-resident defendants. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414-15 (1984). General jurisdiction can be asserted when the defendant's activities in the forum state are "continuous and systematic" or "substantial." *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 447 (1952); *see also Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Alternatively, to find specific jurisdiction over a non-resident defendant, courts looks to the three-part test as applied in *Lake,* 817 F.2d at 1420.

        a.     *General Jurisdiction*

Here, general jurisdiction exists if Defendants' contacts with Idaho are considered "continuous and systematic," *Helicopteros*, 466 U.S. at 416, and the exercise of jurisdiction satisfies "traditional notions of fair play and substantial justice." *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1391 (9th Cir. 1995). "The standard for establishing general jurisdiction is fairly high and requires that the defendant's contacts be of the sort that approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (internal citation and quotation marks omitted); *see also Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984). Several factors to consider when determining general jurisdiction include: "whether defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Bancroft & Masters, Inc.*, 223 F. 3d. at 1086. Plaintiff Roselle's Verified Complaint is analyzed consistent with this standard.

**REPORT AND RECOMMENDATION - 6**

Simply put, there are no allegations within Plaintiff Roselle's Verified Complaint, other than an acknowledgment that Defendants reside in Montana, sufficient to even suggest that Defendants' contacts (whatever those may be) are continuous or systematic enough to approximate their respective individual presences in Idaho. Therefore, there can be no general jurisdiction in this situation that would not offend traditional notions of fair play and substantial justice. As a result, there can be no general jurisdiction.

   *b.*  *Specific Jurisdiction*

   To find specific jurisdiction, a three-part test applies: (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Lake*, 817 F.2d at 1421. Plaintiff Roselle bears the burden of satisfying the first two prongs of the test. *Sher*, 911 F.2d at 1361. If he fails to satisfy either of these prongs, specific personal jurisdiction is not established in the forum state. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462-, 476-78 (1985).

   Although Plaintiff Roselle states matter-of-factly that "[t]his Court has jurisdiction over the Plaintiff and the Defendants in this matter" (*see* Verified Compl. at ¶ 7, p. 1 (Docket No. 1)), the allegations suggest otherwise. This is an action that relates to a dissolution proceeding in Montana generally, with satellite arguments particular to the handling of that same dissolution

**REPORT AND RECOMMENDATION - 7**

proceeding specifically.  Regardless of the merits of those allegations, there is no indication that

Defendants directed any conduct toward Idaho in any way as to purposefully avail themselves of

the privilege of conducting activities here.  Moreover, Defendants could not have anticipated

being haled into an Idaho court based upon conduct that allegedly took place exclusively in

Montana.  That is, Plaintiff Roselle's claims necessarily do not arise out of Defendants' Idaho

activities when Defendants' activities occurred in Montana.  Therefore, as with general

jurisdiction, there is no specific jurisdiction here.

**B.      Improper Venue**

Facing a motion to dismiss for improper venue, a plaintiff bears the burden of showing

that venue is properly laid in the instant forum.  *Schenck v. Motorcycle Accessory Warehouse,*

*Inc.*, 2007 WL 1138915 (D. Idaho April 17, 2007) (citing *Piedmont Label Co. v. Sun Garden*

*Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)).  At the same time, there is a strong presumption

in favor of the plaintiff's forum choice.  *Schenck*, 2007 WL 1138915, p. *1 (citing *Ravelo*

*Monegro v. Rosa*, 211 F.3d 509, 513 (9th Cir. 2000)).

Where jurisdiction is found solely on diversity of citizenship,[3] venue is governed by 28

U.S.C. § 1391(a).  *Schenck*, 2007 WL 1138915, p. *1.  This statutory provision provides:

> [a] civil action wherein jurisdiction is founded only on diversity of
> citizenship may . . . be brought only in (1) a judicial district where
> any defendant resides, if all defendants reside in the same State, (2)
> a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated, or (3) a judicial
> district in which any defendant is subject to personal jurisdiction at

---

[3] Plaintiff Roselle's Verified Complaint acknowledges that this action is pursued in this
Court on the basis of diversity jurisdiction.  *See* Verified Compl., ¶ 7 (Docket No. 1).

**REPORT AND RECOMMENDATION - 8**

> the time the action is commenced, if there is no district in which the
> action may otherwise be brought.

28 U.S.C. § 1391(a). Neither of the three venue provisions applies here. First, it appears

undisputed that each Defendant is a Montana resident and, therefore, the appropriate judicial

district for this action is in Montana, not Idaho. *See* 28 U.S.C. § 1391(a)(1). Second, there are

no allegations that support a finding that any "events or omissions giving rise to the claim"

occurred in Idaho, let alone a substantial part of any such events or omissions. Indeed, Plaintiff

Roselle's claims speak to circumstances taking place exclusively within Montana and involving

only Montana residents. Therefore, again, if any judicial district is the appropriate venue for this

action, it is in Montana, not Idaho. *See* 28 U.S.C. § 1391(a)(2).[4] Finally, because Defendants

are not subject to personal jurisdiction in Idaho (*see supra* at pp. 3-7), Idaho, again, should not

host this action, particularly when considering that there *is* a "district in which the action may

otherwise be brought" - Montana. *See* 28 U.S.C. § 1391(a)(3).

---

[4] Within his Reply to Supplemental Brief (Docket No. 27), Plaintiff claims that
jurisdiction exists in Idaho because

> [t]he defendants with the use of a temporary Idaho permit #CGAP609
> issued to [Defendant] William L. Knox, entered the property in Idaho
> which was clearly posted no trespass, without permission or Court
> Order to create an appraisal to mislead the Courts of Montana.

*See* Reply to Supplemental Brief, pp. 1-2 (Docket No. 27). It is difficult to integrate this latest
argument into Plaintiff Roselle's Verified Complaint which, while speaking to Defendant
Knox's appraisal of various properties, also alleges that individuals other than Plaintiff Roselle
owned those same properties. *See* Verified Compl. at ¶¶ 10-12, 14, 16, & 18 (Docket No. 1).
Regardless, Plaintiff Roselle's claim against Defendant Knox relate to the latter's allegedly
fraudulent appraisal practices, not trespass. Therefore, even if true, Defendant Knox's use of
temporary Idaho permit #CGAP609 is secondary to the underlying claims asserted in Plaintiff
Roselle's Verified Complaint and, thus, does not constitute a substantial part of the events giving
rise to this action.

**REPORT AND RECOMMENDATION - 9**

Even when construing all facts in the light most favorable to Plaintiff Roselle, the absence of any of the factors outlined within 28 U.S.C. § 1391 weighs against finding venue in Idaho. For this separate reason, Defendants' respective motions to dismiss should be granted.

## C.   The Eleventh Amendment

Regardless of the legal theory under which Plaintiff Roselle brings this action, his claim(s) against Defendant State of Montana are barred by the Eleventh Amendment to the United States Constitution. The Eleventh Amendment states that

> [t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI. While the language may suggest something different, the Eleventh Amendment "'has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states'" regardless of the nature of relief sought. *Dashiell v. State of Idaho*, 2007 WL 2316606, p. *2 (D. Idaho Aug. 2, 2007) (quoting *Brooks v. Sulphur Springs Valley, Elec. Coop.*, 951 F.2d 1050, 1053 (9th Cir. 1991)); *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Because Plaintiff Roselle is suing Defendant State of Montana, the Eleventh Amendment appears to apply.

Three exceptions to Eleventh Amendment immunity exist. First, the Eleventh Amendment does not bar suit against a government official for prospective injunctive relief only. *Dashiell*, 2007 WL 2316606, p. *3 (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)). Second, the Eleventh Amendment does not bar suit when a statute clearly allows suits to be brought against states in federal court. *Dashiell*, 2007 WL 2316606, p. *3 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 242-43 (1985)). Third, the Eleventh Amendment does not

**REPORT AND RECOMMENDATION - 10**

bar suit when the state unequivocally consents to be sued in federal court. *Dashiell*, 2007 WL 2316606, p. *3 (citing *Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305-06 (1990)).

No exception applies; indeed, Plaintiff Roselle offers no argument in this respect. Therefore, it is recommended that Plaintiff Roselle's claim(s) against Defendant State of Montana be dismissed for failure to state a claim upon which relief can be granted.

**D.     The *Rooker-Feldman* Doctrine**

Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). United States district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though . . . the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). Instead, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine," prohibiting federal district courts from reviewing, reversing, or staying state court proceedings. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005) ("Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction. Plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court. Their federal complaints . . . invited federal courts of first instance to review and reverse unfavorable state-court judgments. We declared such suits out of bounds, *i.e.,* properly dismissed for want of subject-matter jurisdiction").

**REPORT AND RECOMMENDATION - 11**

The *Rooker-Feldman* doctrine applies to the claims raised within Plaintiff Roselle's Verified Complaint - a "case[ ] brought by [a] state-court loser[ ] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Doe v. Mann*, 415 F.3d 1038, 1042 (9th Cir. 2005) (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)). At most, Plaintiff Roselle's claims necessarily call for a review of the merits of his state appeals; at the very least, Plaintiff Roselle's raises issues that are "inextricably intertwined" with those addressed and resolved by Montana's state courts. Under either scenario, subject matter jurisdiction is jeopardized.

Here, Plaintiff Roselle calls upon this Court after the Montana state court proceedings ended, complaining of an injury caused by the state-court judgment(s) and seeking review and rejection of that/those judgment(s). He not only reiterates his claims of malicious prosecution and fraud against Defendants DWH, Hritsco, and Knox, he requests in no uncertain terms that "the State of Montana be ordered to declare the judgment in Case No. DR-00-12342 and Case No. DV-06-12915 void . . . ." *See* Verified Compl., p. 3 (Docket No. 1). In short, Plaintiff Roselle's current action exists simply to challenge the Montana Supreme Court's previous decisions and to find in his favor. The *Rooker-Feldman* doctrine bars such claims.[5]

---

[5] Moreover, it should be mentioned that, in the area of family law, the Supreme Court has long held that "[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States. *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Mansell v. Mansell*, 490 U.S. 581, 587 (1989) (concluding that "domestic relations are preeminently matters of state law").

**REPORT AND RECOMMENDATION - 12**

## III. RECOMMENDATION

Based upon the FOREGOING, it is hereby RECOMMENDED that the District Court enter an Order consistent with all or, alternatively, part of the following:

1.      That Defendants DWH, Hritsco, Knox, and Lee's respective Motions to Dismiss (Docket Nos. 4, 12, & 13) be GRANTED in that no personal jurisdiction exists;

2.      That Defendants DWH, Hritsco, Knox, and Lee's respective Motions to Dismiss (Docket Nos. 4, 12, & 13) be GRANTED in that venue is improper within this district;

3.      That Defendant State of Montana's Motion to Dismiss (Docket No. 8) be GRANTED based upon an application of the Eleventh Amendment to the United States Constitution; and

4.      That Defendants DWH, Hritsco, Knox, and State of Montana (Docket Nos. 4, 8, & 12) be dismissed pursuant to the *Rooker-Feldman* doctrine.

DATED:  **July 22, 2008.**

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 13**